IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

```
FILED

OCT 1 0 2006

EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT-NORTH DAKOTA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 3:05-cr-161-01 |
| ) | |
| Plaintiff, ) | **PLEA AGREEMENT** |
| ) | |
| -vs- ) | |
| ) | |
| MICHAEL ANTHONY ABEYTA, ) | |
| a/k/a SPIKE, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Christopher C. Myers, Assistant United States Attorney, defendant, Michael Anthony Abeyta, a/k/a Spike, and defendant's attorney, Tami Norgard, agree to the following:

1.     Defendant acknowledges the Indictment in this case charges violations of Title 21, United States Code, Section 841(a)(1), 843(b), 843(d), 846, 848(a), 848(b)(1), 848(b)(2)(A), and Title 18, United States Code, Sections 1956(h) and 2.

2.     Defendant has read the charges and defendant's attorney has fully explained the charges to defendant.

3.     Defendant fully understands the nature and elements of the charged crimes.

4.     Defendant will voluntarily plead guilty to Counts One and Two of the Indictment.

5.     The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c).  The parties specifically agree that Rule 11(c)(1)(C) does not apply.  If the United States makes the non-binding recommendations specified in this Plea Agreement, then defendant acknowledges this agreement will have been fulfilled.  Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6.     Defendant will plead guilty because defendant is in fact guilty of the charges.  In pleading guilty to these Counts , defendant acknowledges that as to Count One:

From on or about January 1, 2002, and continuously until the date of this indictment, in the District of North Dakota and elsewhere,  MICHAEL ANTHONY ABEYTA, a/k/a SPIKE; MARK ANDREW BELYEU; and BETSY JANE GARCIA did knowingly and intentionally combine, conspire, confederate, and agree together with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

2

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Utah, California, and elsewhere.

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities.

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities.

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions.

5. During the course of said conspiracy members of the conspiracy, both known and unknown to the grand jury, transferred and arranged the transfer of methamphetamine from California and elsewhere to the Fargo, North Dakota, area and to the Fergus Falls, Minnesota, area for distribution.

6. During the course of and to further said conspiracy, members of the conspiracy, through the use of money wires, transferred, received, and arranged to have United States currency transferred and received to and from various locations.

3

7. It was further a part of said conspiracy that firearms were exchanged for controlled substances.

8. Methamphetamine was stored and distributed at various locations during the course of the conspiracy including, but not limited to:

(a) a residence located at 22099th Avenue South, Fargo, North Dakota;

(b) the former residence of BETSY JANE GARCIA and James Russell Golden, No.14 River and Woods Trailer Park, Fergus Falls, Minnesota;

(c) the former residence of BETSY JANE GARCIA and James Russell Golden, 23730 Clarissa Haven Drive, Henning, Minnesota;

(d) the former residence of BETSY JANE GARCIA and James Russell Golden, 1003 Atlantic Avenue, Doran, Minnesota;

(e) a residence located at 1333 East Gateway, Fargo, North Dakota;

(f) a residence located at 531 West Street Court, West Fargo, North Dakota; and

(g) the former residence of MARK ANDREW BELYEU, 320 Western Avenue #211, Fergus Falls, Minnesota;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

As to Count Two, defendant acknowledges that:

From on or about January 1, 2002, and continuously until the date of this indictment, in the Districts of North Dakota, Minnesota, California, and elsewhere,

4

MICHAEL ANTHONY ABEYTA, a/k/a SPIKE, and MARK ANDREW BELYEU did knowingly and willfully combine, conspire, confederate, and agree together with others to commit an offense against the United States, specifically, to violate Title 18, United States Code, Section 1956(a)(1)(B)(i), in that members of the conspiracy did knowingly and willfully conduct and attempt to conduct financial transactions affecting interstate commerce as described below, which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1), et seq., knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(h).

### Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. During the course of and to further said conspiracy, members of the conspiracy gathered United States currency together that was derived from the sale of controlled substances in North Dakota and Minnesota.

2. During the course of and to further said conspiracy, members of the conspiracy deposited currency at a bank in Minnesota into bank accounts held by various individuals in California.

3. The purpose of transferring currency in this fashion was to conceal and disguise the nature, source, ownership, and control of the proceeds of drug trafficking.

4. The specific financial transactions include, but are not limited to:

a. $5,000 deposit to Wells Fargo Account #7314903100 on September 23, 2003.

b. $9,000 deposit to Wells Fargo Account #2475358178 on December 22, 2003.

c. $9,000 deposit to Wells Fargo Account #7578660719 on December 22, 2003.

d. $7,000 deposit to Wells Fargo Account #8136431940 on December 24, 2003;

In violation of Title 18, United States Code, Section 1956(h).

7. Defendant understands that these Counts carry the following maximum penalties:

| | |
|---|---|
| Count: | One |
| Imprisonment: | life |
| Fine: | $4,000,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

| Count: | Two |
| Imprisonment: | 20 years |
| Fine: | $500,000 |
| Supervised Release: | 5 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the $100 special assessment on or before the day of sentencing.

Therefore, the total potential sentence under Counts One and Two is life imprisonment, a $4,500,000 fine, a $200 special assessment, and 10 years of supervised release.

8.     Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)     A jury would be composed of 12 lay persons selected at random.  Defendant and defendant's attorney would help choose the jurors removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges.  The jury would have to agree unanimously before it could return a verdict.  The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

7

(ii)     If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii)     At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence.  If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)     At trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify.  No inference of guilt can be drawn from defendant's refusal to testify.  Defendant can choose to testify, but cannot be required to testify.

(b)     Defendant has a right to remain silent.  However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9.     Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial.  Defendant's attorney has explained those rights, and consequences of defendant's waiver.

8

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act.  In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2005) (USSG).  Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.  The United States expressly reserves the right to appeal from an unreasonable sentence.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.  It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.  They remain free to prosecute defendant for any offenses under their jurisdiction.  This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.    Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

9

13.     The parties agree that the base offense level under the Sentencing
Guidelines for defendant's conduct is:  38  (USSG § 2D1.1(c)(2)) - more than 15
kilograms of a mixture and substance containing a detectable amount of
methamphetamine; + 2 levels for money laundering (USSG § 2S1.1(b)(2)(B) and
grouping under USSG § 3D1.2 and 3D1.3)

14.     The parties agree that the following upward adjustments are applicable in
this case:  +4 levels for leader/organizer (USSG § B1.1(a))

15.     At sentencing, United States agrees to recommend a 2-level downward
adjustment for acceptance of responsibility, provided defendant has demonstrated a
genuine acceptance of responsibility.  (USSG § 3E1.1(a))  The United States further
agrees to move for an additional 1-level downward adjustment for timely notifying the
United States of defendant's intention to enter a guilty plea, thus permitting the Court and
the United States to allocate their resources efficiently.  (USSG 3E1.1(b))

16.     Neither the Court nor Probation Office are parties to the Plea Agreement.
Neither the Court nor the Probation Office are bound by the Plea Agreement as to
determining the Sentencing Guideline range.  The Court may depart from the applicable
guidelines range if the Court, on the record, states factors not contemplated by the
Sentencing Guidelines Commission to justify the departure.  Both parties reserve the right
to object to any departure.  See USSG § 1B1.1, comment.(n.1) (defines "departure").
There may be other adjustments the parties have not agreed upon.

10

17.    At sentencing, the United States will move to dismiss the remaining counts the Indictment.

18.    At sentencing, the parties will jointly recommend to the Court a 360-month prison sentence.

19.    Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments.  In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and defendant will face the following consequences:  (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions.  Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement, or false declaration, if defendant commits such acts in connection with this agreement or otherwise.

20.    Defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce defendant to plead guilty.

11

21.     Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a).  Defendant hereby waives this and any right to appeal the Court's entry of judgment against defendant, reserving only the right to appeal from an upward departure from the applicable Guideline range.  See USSG § 1B1.1, comment. (n.1) (defines "departure").  Except in the case of ineffective assistance of counsel, Defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.  Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996).  Therefore, defendant understands that any appeal or other post-conviction relief defendant might seek should be summarily dismissed by the Court in which it is filed.

22.     The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota.  Pursuant to Rule 32.1CR(B)(3), the attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

23.     Defendant acknowledges reading and understanding all provisions of the Plea Agreement.  Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement.  They have discussed defendant's constitutional and other

rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of

the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: _10/10/06_        By: _____
                              CHRISTOPHER C. MYERS
                              Assistant United States Attorney

Dated: _8-17-06_              _____
                              MICHAEL ANTHONY ABEYTA,
                              a/k/a SPIKE
                              Defendant

Dated: _8·21·06_              _____
                              TAMI NORGARD
                              Attorney for Defendant