IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Michael Anthony Abeyta, a/k/a Spike, | ) ) ) | |
| Petitioner, | ) ) | **ORDER DENYING MOTION TO VACATE SENTENCE** |
| vs. | ) ) | **UNDER 28 U.S.C. § 2255** |
| United States of America, | ) ) | Criminal No. 3:05-cr-161 |
| Respondent. | ) | |

Before the Court is Petitioner Michael Abeyta's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. #98).

## FACTUAL BACKGROUND

In December 2005, Abeyta was indicted on nine counts related to distribution of controlled substances. Count One charged him with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. § 846. Counts Two and Three charged him with money laundering conspiracy in violation of 18 U.S.C. § 1956(h). Counts Four and Eight charged him with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Counts Five, Six, and Seven charged him with unlawful use of a communication facility in violation of 21 U.S.C. §§ 843(b) and 843(d). Count Nine charged him with continuing criminal enterprise in violation of 21 U.S.C. §§ 848(a), 848(b)(1), and 848(b)(2)(A).

After two continuances of his trial date, Abeyta eventually reached a plea agreement with the United States and requested that the matter be set on for a change of plea hearing. On September 10, 2006, Abeyta appeared before the Court and entered a plea of guilty to Counts One and Two of

the Indictment. On January 11, 2007, the Court sentenced him to imprisonment of 360 months on Count One and 240 months on Count Two, to run concurrently, in accordance with the joint recommendation of the parties.

Abeyta has now timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He sets forth only one ground for relief, namely, ineffective assistance of counsel. In support of his claim of ineffective assistance, Abeyta states the following facts:

> Though I signed the plea agreement I was made to feel that I had no other choice. I also did not fully understand the terminology that my attorney used when presenting the plea to me. Even though I desired to do so I was told by my attorney that she did not want to bother having to deal with the states witnesses because they would only say what the state wanted them to say in order to get a better deal that I might as well go ahead and sign the plea. I felt that I had no other choice she said she did not have the time to deal with a trial.

Mot. to Vacate, Set Aside, or Correct Sentence, at 4.

## DISCUSSION

The Court must first address the issue of waiver. In his plea agreement, Abeyta waived all rights to contest his conviction or sentence in any post-conviction proceeding, including a motion brought under 28 U.S.C. § 2255, "[e]xcept in the case of ineffective assistance of counsel." Plea Agreement ¶ 21. In the factual statement supporting his § 2255 motion, Abeyta essentially argues that his plea was unknowing and involuntary due to his counsel's ineffective assistance. Specifically, he contends that his attorney coerced him into pleading guilty and that he did not understand his attorney's explanation of the plea agreement. The Eighth Circuit has held that a plea agreement provision waiving the right to seek relief under § 2255 "does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." DeRoo v. United States,

223 F.3d 919, 924 (8th Cir. 2000). Therefore, Abeyta has not waived the claim he raises in his § 2255 motion, and the Court must consider the merits of his argument.

A petitioner moving for post-conviction relief on the grounds of ineffective assistance of counsel "faces a heavy burden." Id. at 925 (citation omitted). To show ineffective assistance of counsel in the context of a guilty plea, the petitioner must establish: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007); Gumangan v. United States, 254 F.3d 701, 705 (8th Cir. 2001).

A petitioner is entitled to an evidentiary hearing on his § 2255 petition unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting 28 U.S.C. § 2255(b)). A district court does not err in dismissing a petitioner's motion under § 2255 without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). The petitioner's representations during the change of plea hearing "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) ("Solemn declarations in open court carry a strong presumption of verity.").

The Court has carefully reviewed the record in this case, particularly the plea agreement which Abeyta signed and the transcript of his change of plea hearing. Numerous statements made

by Abeyta under oath during the change of plea hearing directly contradict the assertions he now makes in his § 2255 motion. In response to questioning from the Court, Abeyta made the following sworn statements during the change of plea hearing:

    (1) He had no difficulty understanding his attorney when he met and talked with her.

    (2) He had the opportunity to ask his attorney questions about the Indictment and the charges against him, and when he was done he felt like he understood the Indictment.

    (3) He told his attorney that she could enter into discussions with the United States about trying to resolve this case without a trial. At some point his attorney came back with a plea agreement.

    (4) He read the plea agreement and reviewed it with his attorney.

    (5) After speaking with his attorney about the plea agreement, he understood what it was that he was being asked to sign.

    (6) He was going to plead guilty to Counts One and Two of the Indictment because he was guilty of those crimes.

    (7) He understood that the parties agreed to jointly recommend a sentence of 360 months.

    (8) He understood the provision in the plea agreement relating to waiver of appeal.

    (9) He wanted the Court to accept the plea agreement.

    (10) He understood that by pleading guilty, he was giving up the right to a jury trial, the right to a trial of any kind, the right to confront and cross-examine witnesses, the right to call witnesses on his own behalf, the right to testify, the right to be free from self-incrimination, and the right to remain silent.

(11) He stated that no one made any threats or promised him anything, other than the plea agreement, to induce him to enter a guilty plea.

(12) He stated the plea was a matter of his own free will.

On this record, the Court concludes Abeyta's motion for post-conviction relief under § 2255 must be denied. While under oath during his change of plea hearing, Abeyta specifically stated that he understood the terms of the plea agreement, that nothing other than the plea agreement had induced him to plead guilty, and that the plea was a matter of his own free will. These statements made in open court carry a strong presumption of verity, and they directly belie Abeyta's after-the-fact version of events, namely, that he was coerced into pleading guilty by his counsel and that he did not understand the plea agreement.

This Court presided over Abeyta's change of plea hearing and, after assessing his credibility, found at that time that his guilty plea was knowing and voluntary. After a careful review of the record in this case, the Court remains convinced that Abeyta's guilty plea was knowing, voluntary, and well-advised by counsel. The Court finds Abeyta's sworn statements at the change of plea hearing to be much more credible than his current unsworn statements in the § 2255 petition. Abeyta has simply failed to carry the heavy burden of showing that his plea was involuntary due to ineffective assistance of counsel. Because Abeyta is conclusively entitled to no relief based on the files and records of this case, no evidentiary hearing is warranted.

## **DECISION**

For the foregoing reasons, Abeyta's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is hereby **DISMISSED** with prejudice.

The Court certifies that an appeal from the dismissal of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Furthermore, the Court finds that Abeyta has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 25th day of June, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court